MOORE, Chief Justice
(concurring in part and dissenting in part).
I agree with the majority that the petition for certiorari review is due to be denied insofar as the issue of the child-support award is concerned. I must dissent, however, from the majority’s denial of the petition insofar as the issue of the finality of the settlement agreement is concerned. The former husband and wife compiled lists dividing their assets and executed those lists as an agreement, which divided the marital assets; the lists covered nearly every asset the husband was examined about at trial. The parties purposefully waited to execute the agreement until after the mortgage on the house, which was given to the wife pursuant to the agreement, had been paid off. Indeed, the trial court specifically found that the wife had entered into this settlement agreement, which she assisted in devising and writing, in order to have “a mortgage-free residence purchased in her *847 sole name. The trial court also explicitly found that there had been no duress, coercion, fraud, misrepresentation, or the like in the execution of the agreement.
Given the behavior of the parties concerning this agreement and the findings of the trial court, which should be reviewed with the ore terms presumption in their favor, I must conclude that the judgment of the trial court should be affirmed on this issue and that the Court of Civil Appeals erroneously reversed the trial court’s judgment based on its finding on the finality of this settlement agreement. Consequently, the Court should grant the petition and reverse the judgment of the Court of Civil Appeals on this issue.